OPINION
{¶ 1} Defendant, Mark A. Tyler, Jr., appeals from his convictions for Robbery and Attempted Murder and the maximum, consecutive sentences of incarceration the trial court imposed.
 {¶ 2} Tyler's convictions were entered on his negotiated pleas of guilty. Tyler concedes that his guilty pleas were properly accepted by the court. The error he assigns on appeal concerns his sentences.
 {¶ 3} Tyler argues that in imposing maximum, consecutive sentences the court failed to comply with the requirements for consecutive sentences mandated by R.C. 2929.14(E)(4) and R.C 2929.19(B)(2)(c). Those sections, respectively, require the court to state certain findings on the record when it imposes consecutive sentences and to give its reasons for imposing consecutive sentences. The court's failure to do so by oral pronouncement at the sentencing hearing is reversible error. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 4} Per Article IV, Section 3(B)(2) of the Ohio Constitution, the appellate jurisdiction of the courts of appeals is provided by statute. R.C. 2953.08 (G) authorizes an appellate court to vacate a sentence and remand the case for resentencing if it clearly and convincingly finds that the sentencing court failed to make the findings required by R.C.2929.14(E)(4) in order to impose consecutive sentences, and/or that the sentence was imposed "contrary to law."
 {¶ 5} In Comer, the Supreme Court wrote that "[w]hile consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so that an appellate court can conduct a meaningful review of the sentencing decision." Id., at ¶ 21.
 {¶ 6} In State v. Rothgeb (Jan 31, 2003), Champaign App. No. 02CA7, we discussed the policy purposes of the statutory findings and reasons requirements and stated:
 {¶ 7} "The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding what its reason or reasons in fact were if the General Assembly's policy purposes * * * are to be met." Id., at p. 8-9.
 {¶ 8} While the court touched on factors in R.C. 2929.14(E)(4) in the findings it made, the findings lack the exactness that Comer requires. Further, some of the findings address other matters. For example, in making the proportionality finding prescribed by R.C. 2929.14(E)(4)(b), the court compared the Defendant's conduct to that of other offenders instead of weighing the seriousness of the harm the victim suffered, which is the focus of the prescribed review. Finally, the court did not "clearly align" its reasons with its findings, as Comer requires. Therefore, we must vacate the sentence imposed and remand for resentencing.
 {¶ 9} The court's discussion of the facts of the crime and the victim's very serious injuries demonstrate that the court was sincerely motivated by what it learned and acted accordingly. Were we to apply the clear and convincing standard to those matters, an affirmance would follow. However, we are charged to find whether the court complied with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) as Comer requires it to. On that issue, we find that the court did not.
 {¶ 10} The sober fact is that sentencing courts must now engage in a form of scripted process, articulating each finding and reason required by the statutory sections concerned on which the court relies. We are familiar with the practice of one common pleas court in this appellate district which does just that, from a written entry of conviction and sentence prepared by its probation officer after prior consultation with the court. That may shock some who believe that the court could then ignore what it might learn at the sentencing hearing. However, the matters which the statutory findings involve are largely historical, and if the arguments persuade the court to a different course, it can change its anticipated sentence.
 {¶ 11} The assignment of error is sustained. Defendant-Appellant's sentence will be vacated and the case remanded for resentencing.
Brogan, P.J. concurs.