OPINION
{¶ 1} Defendant-appellant, Jerrod Kyle Bair, appeals from his conviction and sentence for Theft in violation of R.C. 2913.02(A)(1) and Breaking and Entering in violation in violation of R.C. 2911.13(A). The error he assigns on appeal concerns his sentences. He contends that the trial court erred in failing to make the findings necessary for the imposition of maximum and consecutive sentences. Bair also contends that the record does not support the imposition of such sentences.
 {¶ 2} For the reasons set forth below, we affirm the judgment of the trial court.
 I {¶ 3} In August of 2001, Bair was indicted on two counts of felony breaking and entering in violation of R.C. 2911.13(A). He was also indicted on eleven counts of theft in violation of R.C. 2913.02(A). Three of the theft offenses were felonies, and the remainder were misdemeanors. Bair pleaded guilty to all but two of the offenses and was sentenced to Community Control Sanctions. At the time some of these offenses were committed, Bair was already under Community Control Sanctions relating to a sexual offense committed against a minor for which he had been adjudged a sexually oriented offender.
 {¶ 4} In 2002, Bair was indicted on two separate occasions for failing to provide his address as required by the sexual offender statutes. He was also indicted for failure to provide periodic verification of his current address. Bair was also sentenced to consecutive ten-month prison terms by both Logan County and Miami County for offenses that occurred around the same time as the theft and breaking and entering offenses.
 {¶ 5} Following a hearing on the violations of the Community Control Sanctions, the Champaign County trial court sentenced Bair to twelve months in prison for one count of felony theft to run consecutively to a twelve-month sentence for breaking and entering. Bair was also given six month-sentences for the remaining misdemeanor theft counts and eleven-month sentences for the other two felony theft counts; all to run concurrent to each other and concurrently with the twelve-month sentences.
 {¶ 6} From his sentences, Bair appeals.[1]
 II {¶ 7} The First Assignment of Error states as follows:
 {¶ 8} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES ON MR. BAIR IN 2001-CR-181."
 {¶ 9} Bair contends that the trial court erred in sentencing because it did not make the necessary findings for, and the record does not support, the imposition of consecutive sentences.
 {¶ 10} When a trial court requires that multiple sentences be served consecutively, it must comply with the provisions of R.C. 2929.14(E)(4), which states that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} "The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C.2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronounce causes that objectively may be its reasons. The court must also identify which of those causes are the particular reasons for each of the statutory findings the court made."State v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, at ¶ 25.
 {¶ 15} This court has recently discussed our standard for review on matters regarding consecutive sentences in State v. Tyler, Clark App. No. 04CA0034, 2005-Ohio-2022, wherein we stated:
 {¶ 16} "Per Article IV, Section 3(B)(2) of the Ohio Constitution, the appellate jurisdiction of the courts of appeals is provided by statute. R.C. 2953.08(G) authorizes an appellate court to vacate a sentence and remand the case for resentencing if it clearly and convincingly finds that the sentencing court failed to make the findings required by R.C. 2929.14(E)(4) in order to impose consecutive sentences, and/or that the sentence was imposed `contrary to law'.
 {¶ 17} "In Comer, the Supreme Court wrote that `[w]hile consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so that an appellate court can conduct a meaningful review of the sentencing decision.'
 {¶ 18} "In State v. Rothgeb (Jan 31, 2003), Champaign App. No. 02CA7, we discussed the policy purposes of the statutory findings and reasons requirements and stated:
 {¶ 19} `The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding what its reason or reasons in fact were if the General Assembly's policy purposes * * * are to be met." Id. at ¶¶ 4-7.
 {¶ 20} In this case, the trial court stated that it found consecutive sentences were necessary to protect the public from future crime and that such a sentence was not disproportionate to the seriousness of Bair's conduct or to the danger he poses to the public. It further found that Bair had committed crimes while under community control sanction and that his criminal history indicated that consecutive sentences were necessary to protect the public from future crimes. In support, the trial court noted that Bair has an adult criminal record of criminal trespassing, criminal damaging, theft and possession of criminal tools. Bair was sentenced to prison in Miami County and Logan County in charges related to the Champaign County theft cases.
 {¶ 21} The record clearly demonstrates that Bair has an extensive criminal history and that sanctions do not tend to deter his criminal behavior. Thus, we conclude that the trial court did not err in imposing consecutive sentences because the record supports such sentences and because the trial court provided the appropriate statutory findings and reasoning. Accordingly, the first assignment of error is overruled.
 III {¶ 22} The Second Assignment of Error states as follows:
 {¶ 23} "THE TRIAL COURT ERRED BY IMPOSING MAXIMUM SENTENCES ON MR. BAIR IN 2001-CR-181."
 {¶ 24} Bair contends that the trial court erred by imposing the maximum sentences allowed with regard to one count of felony breaking and entering and one count of felony theft. He also contends that the record does not support the imposition of maximum sentences.
 {¶ 25} When imposing the longest prison term authorized for an offense, the trial court must make one of the findings set out in R.C.2929.14(C). Pursuant to that statute, maximum sentences may only be imposed upon (1) offenders who commit the worst form of the offense, (2) offenders who pose the greatest likelihood of committing future crimes, (3) certain major drug offenders and (4) certain repeat violent offenders. In addition, the trial court must state its reasons for imposing a maximum sentence. R.C. 2929.19(B)(2)(d) and (e).
 {¶ 26} In this case, the trial court imposed maximum sentences based on its finding that Bair poses the greatest likelihood of committing future offenses. In support, the trial court noted that Bair had committed new offenses while under sanction and that he has an extensive criminal history. The trial court also noted that Bair had not responded favorably to previously imposed sanctions. Finally, the trial court noted that Bair had shown no remorse for his actions.
 {¶ 27} We conclude that the trial court made the appropriate statutory findings prior to imposing maximum sentences and that those findings are supported by the record. Thus, the second assignment of error is overruled.
 IV {¶ 28} Both of Bair's assignments of error being overruled, the judgment of the trial court is affirmed.
Grady, J., and Donovan, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Bair filed a motion for delayed appeal with this court. Upon a showing of good cause, the motion was granted.