OPINION
{¶ 1} Defendant-Appellant, Mark Tyler, appeals a judgment of the Clark County Common Pleas Court sentencing him to eighteen years in prison after a negotiated plea of guilty to one count of robbery and one count of attempted murder. Tyler asserts that the sentence was improper because it was based upon facts not found by the jury, which fact-finding has *Page 2 
subsequently been determined to be unconstitutional. Because portions of the Ohio sentencing law have been determined to be unconstitutional, we must vacate the sentence imposed, and again remand for re-sentencing.
 {¶ 2} On January 16, 2004, Tyler entered a negotiated plea of guilty to one count of robbery, R.C. 2911.02, a felony of the second degree, and one count of attempted murder, R.C. 2903.02, 2923.02, a felony of the first degree. Thereafter, he was sentenced to the maximum prison term for each offense, to be served consecutively, for a total of eighteen years.
 {¶ 3} On direct appeal, this court, finding that the trial court failed to sufficiently articulate the findings to support consecutive sentences, vacated the sentence and remanded the matter for re-sentencing. See State v. Tyler, Clark App. #04CA0034, 2005-Ohio-2022.
 {¶ 4} A re-sentencing hearing was conducted by the trial court on February 8, 2006, at which time the trial court made the then-appropriate findings and re-sentenced Tyler to the same sentence of eighteen years.
 {¶ 5} On February 27, 2006 the Supreme Court of Ohio announced its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court's decision in Foster found various sections of the Ohio sentencing laws requiring judicial factfinding to be unconstitutional, and as a remedy excised those portions of the sentencing code.
 {¶ 6} Tyler failed to file a timely appeal of his February 8, 2006 sentence; however, this court granted him leave to file the instant delayed appeal on October 5, 2006. In this delayed appeal Tyler asserts a single assignment of error for our consideration:
 "Assignment of Error {¶ 7} "The trial court erred in sentencing Appellant under the factors in 2929.14(E) as *Page 3 
the statute has been ruled unconstitutional as it violates Appellant's rights under the Sixth Amendment."
 {¶ 8} In his assignment of error, Tyler claims that his re-sentencing herein was defective in light of the Ohio Supreme Court's holding inState v. Foster (2006) 109 Ohio St.3d 1, 2006-Ohio-856, because it was based upon findings of fact that were not determined by a jury or admitted to by Tyler.
 {¶ 9} We must sustain his assignment of error regarding the Ohio sentencing statutes and we must vacate and remand the cause for yet another sentencing hearing in light of the Supreme Court of Ohio's decision in Foster. Id. The Foster court, following Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296, held that R.C. 2929.14(B), 2929.14(C), 2929.14(E)(4),2929.19(B)(2), and 2929.41(A), which all require judicial fact-finding before imposing more than a minimum sentence, a maximum sentence, and a consecutive sentence, were unconstitutional. Foster, 109 Ohio St.3d at paragraph 83.
 {¶ 10} Tyler is entitled to a new sentencing hearing because his original sentence is void in light of Foster. At the re-sentencing, the trial court has full discretion to impose sentences within the statutory range, and is no longer required to make findings or give reasons for imposing more than the minimum.
 {¶ 11} The appellant's assignment of error is sustained.
 {¶ 12} Therefore, the sentence previously imposed is vacated and the cause is remanded for re-sentencing.
BROGAN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
William H. Lamb
Kent J. Depoorter
 Hon. Richard J. O'Neill *Page 1