OPINION
{¶ 1} Carl R. Simons appeals from the trial court's journal entry resentencing him to an aggregate term of twelve years in prison for his conviction on charges of illegal use of a minor in nudity-oriented material, possession of nudityoriented material involving a minor, endangering children, sexual imposition, drug possession, and furnishing beer to a minor.
 I. Procedural Background {¶ 2} The record reflects that a jury convicted Simons of the foregoing charges in February, 1999. Following a sentencing and sexual-predator hearing, the trial court imposed consecutive six-year prison terms for the illegal use of a minor in nudity-oriented material and endangering children convictions. For the other convictions, the trial court imposed shorter sentences to be served concurrently with the consecutive six-year sentences. It also designated Simons a sexual predator.
 {¶ 3} Simons filed an appeal in which he advanced eleven assignments of error. In a November 22, 2000, opinion, we rejected most of his arguments and affirmed his convictions. Simons did prevail, however, on two issues. First, we held that the trial court had failed to make adequate findings to justify imposing its consecutive sentences. Second, we held that the record did not support classifying Simons as a sexual predator. As a result, we remanded the cause with instructions for the trial court to make findings for the imposition of consecutive sentences and to re-classify Simons as a sexually oriented offender.
 {¶ 4} The trial court conducted a re-sentencing hearing on May 4, 2001. It permitted argument on the consecutive-sentences issue and allowed defense counsel to file two pro se motions to dismiss drafted by Simons. The trial court then declared Simons a sexually oriented offender and indicated that it would resolve the other issues in a written opinion. On August 20, 2003, the trial court filed a journal entry in which it re-imposed the two consecutive six-year prison sentences with all other sentences ordered served concurrently. The trial court's ruling included findings and reasons in support of consecutive sentences. The trial court also overruled Simons' motions to dismiss, finding that they raised issues we previously had considered and rejected. This timely appeal followed.
 II. Analysis {¶ 5} In his appellate brief and addendum thereto, Simons advances eight assignments of error. First, he contends the trial court erred in imposing consecutive six-year sentences "without stating sufficient grounds[.]" Second, he argues that the facts of his case do not warrant a maximum prison sentence. Third, he asserts that the offenses of illegal use of a minor in nudity-oriented material and endangering children are allied offenses of similar import. Fourth, he challenges the sufficiency of the evidence to convict him of illegal use of a minor in nudity-oriented material. Fifth, he challenges the sufficiency of the evidence to convict him of endangering children. Sixth, he claims the trial court violated his right to a speedy preliminary hearing under Ohio law and, in so doing, violated his federal constitutional rights. He also claims the trial court violated his federal constitutional right to a speedy resentencing. Seventh, he contends the trial court's failure to provide him a transcript of his preliminary hearing, and the destruction of a tape of the preliminary hearing, violated his state and federal constitutional rights. Eighth, he argues that the trial court erred by imposing its sentence without him present.
 {¶ 6} We quickly may dispose of Simons' third, fourth, fifth, and seventh assignments of error. The issues addressed in these assignments of error either were raised, or could have been raised, in his first appeal. Our prior remand for the limited purpose of re-sentencing Simons and re-classifying him as a sexually oriented offender does not permit him to challenge his convictions a second time on direct appeal. State v. Hutton,100 Ohio St.3d 176, 181-182, 2003-Ohio-5607. The same reasoning applies to Simons' sixth assignment of error insofar as it alleges that the trial court violated his right to a speedy preliminary hearing. This issue was raised in the first direct appeal and cannot be re-litigated now.
 {¶ 7} As for the assignments of error properly before us, we begin our analysis with Simons' first assignment of error. There he challenges the trial court's imposition of consecutive six-year prison sentences for the illegal use of a minor in nudity-oriented material and endangering children convictions. He takes a wideranging approach on appeal, alternatively claiming (1) that the record does not support the trial court's findings or reasons for imposing consecutive sentences, and (2) that the trial court failed to identify findings and reasons for imposing consecutive sentences. Simons also claims the trial court erred in setting forth its findings and reasons in a journal entry filed after his re-sentencing hearing.
 {¶ 8} The applicable version of Ohio's consecutive-sentencing statute, R.C. § 2929.14(E)(4), provides:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18
of the Revised Code or was under post-release control for a prior offense.
 {¶ 11} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} Before imposing consecutive sentences, a trial court must make the foregoing findings and give reasons to support those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus. When stating its reasons, a court also must connect each reason to the finding the reason supports. In other words, "[t]he court cannot merely pronounce causes that objectively may be its reasons. The court must also identify which of those causes are the particular reasons for each of the statutory findings the court made." State v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465 at ¶ 25. "An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were." Id. at ¶ 27.
 {¶ 14} In the present case, the trial court made its findings and gave its reasons for those findings in an entry filed more than two years after the resentencing hearing. With regard to consecutive sentences, the trial court found:
 {¶ 15} "* * * [A] consecutive sentence is necessary to protect the public; such sentence is necessary to punish the Defendant; and such sentence is not disproportionate; and Defendant's crime was committed while under post-release control; The harm caused by Defendant is so great that a single term does not adequately reflect the seriousness of the conduct; [and] The Defendant's criminal history shows that consecutive terms are needed to protect the pubic." (Doc. #16 at 5).
 {¶ 16} The trial court then identified the following reasons for its findings with regard to consecutive sentences:
 {¶ 17} "Defendant has at least five serious convictions. These convictions involve Grand Larceny, Carrying Concealed Weapons, multiple counts of 2nd degree Robbery, Possession of a Controlled Substance, 2nd degree Theft, [and] 17 different counts of breaking and entering.
 {¶ 18} "Defendant has had multiple parole violations.
 {¶ 19} "Defendant has served more than ten years in prison.
 {¶ 20} "Defendant has demonstrated an inability to follow Court orders.
 {¶ 21} "Defendant has had convictions in multiple states and multiple counties in Ohio.
 {¶ 22} "Defendant was out of prison less than one year after committing his current offenses.
 {¶ 23} "Defendant has turned to victimizing juveniles.
 {¶ 24} "Defendant has shown no remorse.
 {¶ 25} "Defendant has never as an adult led a law-abiding life for any significant period.
 {¶ 26} "Defendant is a danger to society.
 {¶ 27} "Defendant committed two 2nd degree felonies." (Id. at 7-8).
 {¶ 28} Upon review, we note several deficiencies in the trial court's reimposition of consecutive six-year sentences. As an initial matter, the trial court's findings in support of consecutive sentences are incomplete. The applicable statute, R.C. § 2929.14(E)(4), establishes a three-tiered set of criteria for imposing consecutive sentences. "First, the court must find that consecutive sentences are `necessary' to protect the publicor to punish the offender. Second, the court must find that the proposed consecutive sentences are `not disproportionate' both
to the seriousness of the offender's conduct and the danger that the offender poses. * * * Third, the court must find one of the three enumerated situations to exist." Griffin Katz, Ohio Felony Sentencing Law § 8:14 at 806.
 {¶ 29} In the present case, the trial court generally tracked the language of R.C. § 2929.14(E)(4) but omitted part of the second-tier analysis. In its sentencing entry, the trial court simply declared that consecutive sentences were "not disproportionate." Unfortunately, the trial court failed to identify what it was that consecutive sentences were "not disproportionate" to. Nevertheless, because Simons has not raised this specific issue and the trial court otherwise followed the language of the statute, we will presume for present purposes that the trial court intended to find consecutive sentences "not disproportionate to the seriousness of the offender's conductand to the danger the offender poses to the public," as required by the statute.
 {¶ 30} A second problem with the trial court's re-sentencing entry is that it fails to link any of the required "findings" to specific "reasons" supporting them. Instead, as in Rothgeb,
supra, the trial court merely set forth a "laundry list" of reasons, leaving to us.
 {¶ 31} the task of determining which reasons relate to which findings. We previously have held that such conduct by a trial court constitutes reversible error and warrants a remand for re-sentencing. Rothgeb, supra, at ¶ 28-29.
 {¶ 32} As we will explain more fully below, however, a remand for another resentencing hearing is unnecessary in this case. It is apparent to us that at least one crucial finding by the trial court is not supported by any of the reasons in its sentencing entry or by anything in the record. When a trial court fails to make findings or give reasons for consecutive sentences, an appellate court should remand the case for the trial court to supply the missing information. Griffin Katz, Ohio Felony Sentencing Law § 10:18 at 900-901, citing State v. Jones,93 Ohio St.3d 391, 2001-Ohio-1341. "However, where the trial court does set forth its findings and reasons and they are not substantiated in the record * * * the court of appeals is empowered to reverse and remand or modify the sentence." Id.; see also R.C. § 2953.08(G)(2) (authorizing an appellate court to modify a sentence if it "clearly and convincingly" finds that the record does not support the trial court's findings in support of consecutive sentences).
 {¶ 33} In the present case, we clearly and convincingly find that the record does not support at least one crucial finding in the trial court's sentencing entry. As noted above, consecutive sentences may be imposed only when a trial court finds such sentences (1) necessary to protect the public or to punish the offender, (2) not disproportionate to the seriousness of the offender's conduct and the danger that the offender poses, and (3) at least one of the following applies: (a) the offender committed the multiple offenses while awaiting trial or sentencing, or while under community control or a post-release control sanction; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 34} With regard to the first part of the three-tiered test, the trial court gave adequate reasons to support its finding that consecutive sentences are necessary to protect the public. The pre-sentence investigation report in this case reveals that Simons has a fairly extensive criminal history, albeit not one involving any other sex-related offenses. The record also supports the trial court's determination that Simons has prior parole violations, has served more than ten years in prison, was released from prison shortly before committing the crimes in this case, lacks remorse, has failed to lead a law-abiding life for any significant part of his adult life, and is a danger to society. Thus, the trial court reasonably concluded that consecutive sentences are necessary to protect the public.[1]
 {¶ 35} With regard to the second part of the three-tiered test, however, none of the trial court's reasons support a finding that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct." Simons' prior convictions, parole violations, lack of remorse, general danger to society, relatively short period of time out of prison, failure to follow prior court orders, and failure to lead a law-abiding life as an adult have absolutely nothing to do withthe relative seriousness of his conduct in this case.
Consequently, these facts tell us nothing about the proportionality between the consecutive six-year sentences and the seriousness of the criminal activity underlying those sentences.
 {¶ 36} The remaining two reasons cited by the trial court at least do relate to the "seriousness" of Simons' conduct in this case. The trial court cited as reasons for imposing consecutive sentences the fact that Simons "has turned to victimizing juveniles" and the fact that he "committed two 2nd degree felonies." These facts, however, are inherent in, and characteristics of, the offenses for which he was convicted. In every case of illegal use of a minor in nudity-oriented material and endangering children the victims will be juveniles and, under the statutory sections at issue, the offenses will be second-degree felonies. It is strikingly circular to say that consecutive sentences for two second-degree felonies necessarily involving juveniles are "not disproportionate" because the offenses are second-degree felonies and involve juveniles. Likewise, the fact that Simons' has "turned to" victimizing juveniles as opposed to committing crimes against adults may support a finding that he is a danger to society, but, again, it says nothing about the proportionality between the consecutive six-year sentences and the seriousness of the conduct at issue in this case, which necessarily involved juveniles.
 {¶ 37} In short, the trial court cited nothing, and we see nothing in the record, to support a finding that consecutive sentences are not disproportionate to the seriousness of Simons' conduct. With regard to the illegal use of a minor in nudityoriented material and endangering children convictions, the evidence establishes that Simons helped and encouraged two teen aged girls to take pictures of themselves, and one of himself, in sexually provocative poses in various states of undress. There is no suggestion that he physically assaulted either girl, that he exploited their pictures, or that he intended to do so.
 {¶ 38} Although we previously rejected Simons' argument that the two offenses are allied offenses of similar import, because their statutory elements are not the same, the fact remains that the criminal conduct in which Simons engaged to commit these two offenses occurred within a single episode. Simons' endangering children conviction stems from his permitting or encouraging
the girls to take pictures of themselves, and his illegal use of a minor in nudity-oriented material stems from hisparticipation in the picture taking by suggesting some poses and supplying the camera, film, and his wife's lingerie. While each offense is serious, neither is made materially more serious by the particular conduct the other offenses involves. Therefore, we clearly and convincingly find that imposition of consecutive sentences is disproportionate to the seriousness of the conduct in which Simons engaged when he committed these two offenses. Because the record does not support the trial court's finding on this issue, we conclude that Simons' two six-year sentences should have been ordered to be served concurrently.[2]
Accordingly, we sustain his first assignment of error.
 {¶ 39} Pursuant to R.C. § 2953.08(G)(2), we hereby modify Simons' sentence so that the six-year sentences for illegal use of a minor in nudity-oriented material and endangering children will be served concurrently rather than consecutively. Given that the trial court previously ordered Simons' shorter sentences to be served concurrently with the six-year sentences, the effect of our ruling is that he now has an aggregate sentence of six years.[3] Finally, the trial court's re-sentencing entry reflects that Simons originally was sentenced on March 11, 1999, and was given 169 days of jail-time credit. By our calculations, a six-year sentence would result in a release date in late September, 2004. Because that date recently passed, Simons appears to be entitled to his release forthwith.
 {¶ 40} In the interest of completeness, we briefly will address the other assignments of error before us. In his second assignment of error, Simons advances a one-sentence argument, asserting that the facts of his case do not warrant a maximum prison sentence. We fail to see the relevance of this argument. Although Simons' appellate brief does not specify, we presume this argument concerns his two six-year sentences, which were imposed for second-degree felonies.[4] The maximum sentence for a second-degree felony is eight years. Therefore, he did not receive a maximum sentence for the offenses, and we overrule his second assignment of error.
 {¶ 41} In the portion of his sixth assignment of error that is properly before us, Simons claims the trial court violated his right to a speedy re-sentencing under the Sixth Amendment to the U.S. Constitution. In support, he relies on Barker v. Wingo
(1972), 407 U.S. 514. There the U.S. Supreme Court identified four factors to consider to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) whether the delay prejudiced the defendant. Although Barker involved a speedy trial issue, most courts have presumed the existence of an analogous constitutional right to a speedy resentencing and have applied the foregoing factors when reviewing alleged violations of that right. See, e.g., State v. Corrigan, Cuyahoga App. No. 83088, 2004-Ohio-4346; United States v. Thomas (6th Cir. 1999), 167 F.3d 299, 303-305.
 {¶ 42} Even if a Sixth Amendment right to a speedy re-sentencing exists, we find no merit in Simons' argument. The Ohio Supreme Court has recognized that the right to a speedy trial is not self-executing. "Affirmative action on the part of an accused in the nature of a demand to be tried is necessary to invoke the constitutional protection." State v. Butler (1969),19 Ohio St.2d 55, 56-57; see also State v. Martin (Jan. 26, 1994), Greene App. No. 93 CA 1. A defendant's failure to take such affirmative action results in a waiver of the ability to assert error based on constitutional speedy trial grounds. Id. Assuming that a right to speedy resentencing exists by analogy, the record does not reflect that Simons demanded to be re-sentenced at any time after the re-sentencing hearing but before the trial court filed its re-sentencing entry. As a result, he waived the ability to assert a constitutional violation based on the trial court's delay, and we overrule his sixth assignment of error.
 {¶ 43} In his eighth assignment of error, Simons contends the trial court erred by imposing his sentence in its August 20, 2003, sentencing entry. He argues that this procedure violated his constitutional and statutory right to be present in the courtroom for sentencing. Given that we are modifying Simons' sentence ourselves to reflect concurrent six-year sentences, rather than remanding for another resentencing, we overrule this assignment of error as moot.
 III. Conclusion {¶ 44} Based on the foregoing reasoning, the trial court's judgment entry is modified to reflect concurrent six-year sentences for illegal use of a minor in nudityoriented material and endangering children. As modified, the trial court's judgment is affirmed.
Grady, J., and Young, J., concur.
[1] Given that the first part of the three-tiered test is stated in the disjunctive, we need not determine whether the trial court's reasons support its alternative finding that consecutive sentences are necessary to punish Simons.
[2] In light of this determination, we need not address the trial court's findings and reasons on the third part of the three-tiered test for consecutive sentences.
[3] Because we are modifying Simons' sentence to reflect concurrent six-year terms, we need not address his argument concerning the trial court's failure to follow the sentencing procedure set forth in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
[4] We indulge in this presumption because Simons' other sentences were all shorter than six years and were ordered to be served concurrently with the six-year sentences. The longest of these concurrent sentences was eleven months, and Simons already has served more than five years in prison. Thus, they had no impact on his total length of confinement, and any argument with regard to these shorter sentences would be moot. See State v.Scales, Champaign App. No. 2002-CA-27, 2004-Ohio-175 at fn.2.