OPINION
{¶ 1} Defendant-appellant Vada Talance Carter appeals from his sentence for Forgery and Possession of Criminal Tools, which consists of two, eleven-month sentences, to be served consecutively. Carter contends that the trial court did not give reasons for the imposition of consecutive sentences, that the trial court did not align its reasons with the findings it is required by statute to make for consecutive sentences, and that the record does not support the findings.
 {¶ 2} The State, besides disputing each of Carter's propositions of law, further argues that he waived any deficiencies in the trial court's sentencing procedure when he failed to object, even after the trial court invited defense counsel to indicate if anything further was required.
 {¶ 3} We conclude that the record does not support the trial court's finding that the consecutive sentences imposed are not disproportionate to the seriousness of Carter's conduct. We further conclude that this was plain error, because the result clearly would have been otherwise had the error not occurred. Consequently, the sentence is Reversed, and this cause is Remanded for the imposition of concurrent sentences. Because Carter's sole complaint, on appeal, is the consecutive nature of his sentences, which is also the subject of his other contentions on appeal, those other contentions are rendered moot.
 I {¶ 4} Carter was indicted on one count of Theft by Deception, one count of Passing Bad Checks, two counts of Forgery, and one count of Possession of Criminal Tools. In a plea bargain, Carter pled guilty to one count of Forgery and one count of Possession of Criminal Tools. No factual recitation concerning these offenses was made at the plea hearing, and, at Carter's request, no pre-sentence investigation was made,[1] so the only indication of the factual nature of Carter's offense comes from the indictment, itself, from a finding the trial court made in its sentencing entry, and from remarks made at sentencing. From these, it can be determined that the Possession of Criminal Tools charge related to a fake identification card that Carter used to persuade the victim to negotiate a forged payroll check, that the victim of the forgery was a commercial establishment by the name of "Steve's Market Deli," and that the loss sustained by the victim (for which restitution was ordered) was in the amount of $349.81.
 {¶ 5} The trial court imposed an eleven-month sentence for the Forgery, an eleven-month sentence for the Possession of Criminal Tools, and ordered the sentences to be served consecutively. From his sentence, Carter appeals.
 II {¶ 6} Carter sets forth the following as his assignment, or assignments, of error:
 {¶ 7} "ASSIGNMENT OF ERROR 1, ISSUE 1
 {¶ 8} "THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES FOR MR. CARTER, WITHOUT MAKING THE STATUTORIALY [sic] REQUIRED FINDINGS ORALLY ON THE RECORD AS REQUIRED BY STATE V. [COMER,
99 OHIO ST.3D 463, 2003-OHIO-4165] WAS CONTRARY TO LAW.
 {¶ 9} "ASSIGNMENT OF ERROR 1, ISSUE 2
 {¶ 10} "A TRIAL COURT ERRS TO THE PREJUDICE OF THE DEFENDANT WHEN IT FINDS THAT CONSECUTIVE SENTENCES ARE PROPER WHERE THE RECORD DOES NOT SUPPORT SUCH A FINDING."
 {¶ 11} In connection with Carter's "Issue 1," he contends that the trial court erred by not aligning its reasons for the imposition of consecutive sentences with the statutory findings required for the imposition of consecutive sentences, which we have found to be necessary in State v. Tyler, Clark App. No. 04CA0034, 2005-Ohio-2022, and other cases. He makes certain other contentions of procedural irregularities as well in connection with this argument. For its part, the State contends that any procedural errors have been waived, citing State v. Hornbeck,155 Ohio App.3d 571, 2003-Ohio-6897, a decision of this court, and decisions of other courts, and noting that the trial court, at the conclusion of the sentencing hearing, inquired of each party whether anything further was required from the hearing.
 {¶ 12} We need not resolve Carter's "Issue 1," which essentially asserts procedural error in his sentencing, in view of our disposition of his "Issue 2."
 {¶ 13} In Carter's "Issue 2," he contends that the facts in the record do not support the findings required by statute for the imposition of consecutive sentences. The State contends that this argument, too, has been waived as a result of Carter's failure to have objected at the sentencing hearing, so that it is governed by the plain error standard of review. We agree, but conclude that plain error is, in fact, implicated. Had the trial court not made an erroneous finding, it could not have imposed consecutive sentences, because the erroneous finding is required by the statute for the imposition of consecutive sentences. In other words, but for the error, the trial court could not have imposed consecutive sentences, so the result would clearly have been otherwise, which satisfies even the most stringent test for finding plain error. State v. Emrich, Clark App. No. 94-CA-0005, citing State v. D'Ambrosio (1993),67 Ohio St.3d 185, 191.
 {¶ 14} The determinative issue in this appeal thus becomes whether the facts in the record support all of the findings that the trial court is required to make before it may impose consecutive sentences. There is at least one required finding that we conclude is not supported by the record in this case.
 {¶ 15} Among other findings that the trial court is required to make, it is required to find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(4). This requirement is susceptible of more than one interpretation. One plausible interpretation would be that the seriousness of the offender's conduct is to be combined with the danger the offender poses to the public, and then a calculation is made whether the totality of this combination is "not disproportionate," which we must assume to be logically equivalent to the proposition that it is proportionate, to the consecutive sentences imposed. This construction might permit one of the two components of the total, of great magnitude, to make the total sufficient to justify consecutive sentences, even when the other component is of mediocre magnitude. Thus, in this case, Carter's depressing tendency to re-offend soon after he is released from prison might make the danger he poses to the public of a sufficient magnitude that the total, even when combined with a mediocre component of seriousness-of-the-offender's-conduct, would be proportionate to the twenty-two-month sentence imposed.
 {¶ 16} But another, equally plausible interpretation of this requirement is that the trial court must find both: (1) that the consecutive sentences imposed are not disproportionate to the seriousness of the offender's conduct; and (2) that the consecutive sentences imposed are not disproportionate to the danger the offender poses to the public. This interpretation has found favor with a number of authorities, including Judge Burt W. Griffin and Professor Lewis R. Katz, who are widely recognized as having been influential in the drive to enact the current scheme of felony sentencing in Ohio. "Second, the court must find that the proposed consecutive sentences are `not disproportionate'both to the seriousness of the offender's conduct and the danger that the offender poses. Thus, the required finding for necessity is in the alternative, but lack of disproportionality must be found with respect to both seriousness and danger to the public." Griffin and Katz, Ohio Felony Sentencing Law, 2004 Edition, § 8:14, at 757 (emphasis in original).
 {¶ 17} This interpretation of the requirement of the statute has been adopted by two appellate courts. State v. Ford,
2002-Ohio-662 (Shelby App.), and State v. Colgrove,140 Ohio App. 3d 306 (Cuyahoga App.), and, especially, 2002-Ohio-1825, when the same case was remanded for re-sentencing a second time because, although the trial court had explained how the consecutive sentences imposed were proportionate to the danger to the public, it had failed to explain how they were proportionate to the seriousness of the offender's conduct.
 {¶ 18} Of course, any ambiguity in the construction of a statute defining criminal penalties must be construed strictly against the State. R.C. 2901.04(A).
 {¶ 19} We conclude, therefore, that under R.C. 2929.14(E)(4), a necessary predicate for the imposition of consecutive sentences is a finding that the consecutive sentences imposed are not disproportionate to the seriousness of the offender's conduct.
 {¶ 20} The offenses to which Carter pled guilty involved the same course of criminal conduct. He appears, by virtue of the order of restitution, to have used a fake identification to persuade a commercial establishment, Steve's Market Deli, to cash a check for just under $350.
 {¶ 21} Carter pled guilty to Forgery as a fifth-degree felony. Forgery becomes a fourth-degree felony when the loss to the victim is $5,000 or more. R.C. 2913.31(C)(1)(b)(i). It becomes a third-degree felony when the loss to the victim is $100,000 or more. R.C. 2913.31(C)(1)(b)(ii). Possession of Criminal Tools is a first-degree misdemeanor unless the article or articles proscribed are intended for use in the commission of a felony, in which event, it is a fifth-degree felony. Thus, Possession of Criminal Tools can never be more than a fifth-degree felony, for which twelve months is the maximum sentence.
 {¶ 22} We see no circumstances in this record that would justify finding that the offenses to which Carter pled guilty, and for which he was sentenced, constituted conduct more serious than the general run of conduct constituting those offenses. The amount of the victim's loss was nowhere near the upper limit for a fifth-degree felony ($5,000), for which a twelve-month sentence is the prescribed maximum. Nor is there anything in the record to suggest that the victim was unusually vulnerable, or unusually harmed. In short, this was a garden-variety forgery. If it justifies the imposition of a twenty-two-month sentence, then we would have to say that the general run of forgeries under $5,000 justify a twenty-two-month sentence; but this is obviously contrary to the scheme of the sentencing statute, which provides a range of possible sentences for forgeries under $5,000 of from six to twelve months of imprisonment.
 {¶ 23} Based upon our review of the record in this case, we "clearly and convincingly find" that the trial court's finding, required by R.C. 2929.14(E)(4), that the consecutive sentences imposed are not disproportionate to the seriousness of the offender's conduct, is not supported by the record. This satisfies the requirement for reversal of a sentence set forth in R.C. 2953.08(G)(2)(a).
 {¶ 24} Before we conclude, we address a case cited by the State: State v. Bell, 2005-Ohio-655 (Greene App. No. 2004-CA-5). The State cites that case for the proposition that a defendant waives any argument that his sentence is not proportional when he fails to make the argument in the trial court. The sentencing provision with which State v. Bell,
supra, was concerned, is R.C. 2929.11(B). This provision, unlike R.C. 2929.14(E)(4), does not require that the trial court must make a finding. It provides that a sentence for a felony "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." Because no finding is required, regularity is presumed from a silent record. Obviously, if a criminal defendant wishes to contend that his sentence is not consistent with sentences imposed for similar crimes committed by similar offenders, he is obliged to make a record showing the existence of convictions for similar crimes, the sentences for which have been inconsistent with his sentence.
 {¶ 25} By contrast, in order to impose consecutive sentences, a trial court is affirmatively required, by R.C. 2929.14(E)(4), to make a number of findings, one of which is that the consecutive sentences imposed are not disproportionate to the seriousness of the offender's conduct. Whenever a trial court is required to make a finding, there obviously must be a factual basis in the record for the finding; otherwise the requirement would meaninglessly exalt form over substance. The making of a required finding adverse to the defendant when there is nothing to support that finding is analogous to a jury's returning a guilty verdict when there is no evidence in the record to support an essential element of the offense. In either case, the error is plain — in the sense that the result would clearly have been otherwise had the error not occurred. A defendant is no more obliged to object to a finding, required for a particular sentence, for which there is no factual predicate in the record, than he is obliged to object to a guilty verdict when there is insufficient evidence in the record to support the verdict.
 {¶ 26} Because we agree with Carter that this record does not support the finding of the trial court, required for the imposition of consecutive sentences, that consecutive sentences are not disproportionate to the seriousness of his conduct, we sustain his assignment of error. Because this disposition requires the reversal of Carter's sentence, and a remand of this cause with instruction to the trial court to order the sentences imposed to run concurrently, his other arguments are rendered moot.
 III {¶ 27} Carter's assignment of error having been sustained, the sentence imposed is Reversed, and this cause is Remanded for re-sentencing in accordance with this opinion.
Brogan, and Valen, JJ., concur.
(Hon. Anthony Valen, Retired from the Twelfth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] For reasons that are apparent in the record, but which need not be set forth herein, Carter was anxious to leave the Champaign County Jail, where he was incarcerated, as soon as possible, either to be incarcerated in another Ohio county where he was facing charges, or to begin serving his prison sentence. Thus, he asked the trial court to dispense with a pre-sentence investigation, despite the fact that the trial court indicated that it was pre-disposed to order a pre-sentence investigation. The trial court accommodated Carter's request.