[Cite as *State v. Forsell*, 2020-Ohio-5381.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-P-0116** |
| - vs - | : | **2019-P-0117** |
| | | **2019-P-0118** |
| KURTIS M. FORSELL, | : | **2019-P-0119** |
| | | **2019-P-0120** |
| Defendant-Appellant. | : | **2019-P-0121** |
| | | **2019-P-0122** |
| | : | **2019-P-0123** |
| | | **2019-P-0124** |

Criminal Appeals from the Portage County Court of Common Pleas.
Case Nos. 2017 CR 00952, 2017 CR 01001, 2017 CR 01003, 2017 CR 01055,
2017 CR 01088, 2018 CR 00085, 2018 CR 00103, 2018 CR 00248, & 2018 CR 00230.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Seneca Konturas*, P.O. Box 662, Aurora, OH 44202 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Kurtis M. Forsell, appeals from the November 18, 2019 entry of the Portage County Court of Common Pleas, granting appellee, the state of Ohio's, Motion to Revoke and Modify Sanctions and imposing prison sentences in nine consolidated cases. At issue on appeal is the consecutive nature of those prison sentences. The judgment is affirmed.

{¶2}    The Portage County Grand Jury returned nine indictments against appellant in late 2017 and early 2018.  The charges stemmed from numerous instances of criminal conduct, including the receipt, possession, and use of multiple stolen credit cards from multiple victims; the theft of cash and other items from multiple vehicles; and having possession of more than one stolen vehicle.

{¶3}    Three plea hearings were held, at which appellant pleaded guilty to twelve of the charges: eight counts of Receiving Stolen Property (F5) and two counts of Receiving Stolen Property (F4), in violation of R.C. 2913.51; one count of Forgery (F5), in violation of R.C. 2913.31; and one count of Theft (F5), in violation of R.C. 2913.02.  A number of other charges were dismissed pursuant to appellant's plea agreement with the state, including additional counts of Forgery, Theft, and Receiving Stolen Property.

{¶4}    The cases were consolidated for sentencing, following presentence investigations.  On April 30, 2018, appellant was sentenced to community control sanctions, including 365 days in jail with credit for 141 days served; successful completion of in-patient rehabilitation followed by transfer to a residential facility; twelve months of the adult probation department's Intensive Supervision Program; and 48 additional months of general supervision.  Appellant was also ordered to pay restitution in the total amount of $2,028.09; a fine of $300.00; and courts costs, which totaled over $2,000.00 at the time of sentencing.

{¶5}    The trial court notified appellant he would be placed in prison if he violated the terms of his community control and that he faced a total prison term of 13 years—12 months for each fifth-degree felony and 18 months for each fourth-degree felony.

{¶6}    Appellant absconded from the residential facility on September 24, 2018, prompting the state's first motion to modify or revoke his community control sanctions.  At a hearing held December 10, 2018, appellant admitted to violating the terms and conditions of his community control.   The trial court ordered appellant to serve an additional 180 days in jail and to continue thereafter with one year of intensive supervision followed by three years of general supervision.

{¶7}    Following his release from jail, appellant failed to report to the adult probation department, prompting the state's second motion to modify or revoke his community control sanctions.  At a hearing held November 13, 2019, appellant again admitted to violating the terms and conditions of his community control.  Defense counsel requested a minimum prison sentence and advised the court that appellant had recently received a three-month prison term in a case before another judge of the court.  The prosecutor requested the trial court impose a term of imprisonment and indicated appellant was facing new charges on higher-level felonies for conduct committed while appellant was on community control in these cases.

{¶8}    The trial court granted the state's motion, finding appellant was no longer amenable to community control sanctions and that a prison term was warranted.  The court imposed consecutive sentences: 12 months on each of the 12 counts, for a total of 12 years imprisonment.   The trial court stated it had considered the purposes and principles of felony sentencing and made consecutive sentence findings on the record. Appellant was credited with 635 days for time served in jail and with the Northeast Ohio Community Alternative Program ("NEOCAP").  He was ordered to pay the fine and court costs within five years and to pay restitution within fifteen years.

{¶9} Defense counsel objected to the consecutive nature of the sentences, to which the court responded: "I have given this Defendant every possible opportunity and he has thrown it back in the Court's face. He has made a hazard of himself to the public in his demeanor and his new crimes that he's committed as well as his many revocations."

{¶10} The sentence was journalized on November 14, 2019. A nunc pro tunc entry was journalized on November 18, 2019, clarifying that appellant's sentence is to be served concurrent with the three-month sentence he had received from the other judge in an unrelated case.

{¶11} In these consolidated appeals from the trial court's sentencing decision, appellant raises one assignment of error:

{¶12} "The trial court erred in sentencing Appellant to consecutive terms on low-level fourth and fifth degree felonies where the sentence is disproportionate to the seriousness of the offender's conduct and is not supported by the record."

{¶13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or

4

more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶14} Our standard of review is governed by R.C. 2953.08(G)(2), which provides, in relevant part, that the court hearing an appeal "shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *."

{¶15} "'It is important to note "that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge."'" *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶23, quoting *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574 *et seq.*, 2013-Ohio-5759, ¶31, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21. This standard is extremely deferential to the sentencing court: "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial

5

court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶29.

{¶16} Here, the trial court made a finding under R.C. 2929.14(C)(4)(a) and (b), in addition to finding that consecutive service is necessary to protect the public from future crime or to punish appellant and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public.

{¶17} Appellant specifically takes issue with the trial court's finding that consecutive sentences are not disproportionate to the seriousness of his conduct. He contends this finding is not supported by the record because the amount of restitution he was ordered to pay is relatively low. The state responds that the trial court did not err, despite the low amount of restitution, because the record reflects appellant was given opportunities at rehabilitation but continued to engage in criminal behavior.

{¶18} In support of his argument, appellant relies on two opinions from Ohio's Second District Court of Appeals. In *Simons*, the defendant was sentenced to two consecutive six-year prison terms for endangering children and illegal use of a minor in nudity-oriented material, in addition to shorter sentences for other convictions ordered to be served concurrently with the consecutive six-year sentences. *State v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶2. The Second District held the trial court should not have ordered consecutive service on these two counts because both offenses occurred within a single episode and neither was made materially more serious by the conduct of the other. *Id.* at ¶38.

{¶19} In *Carter*, the defendant was sentenced to two consecutive eleven-month prison terms for Forgery and Possession of Criminal Tools, both felonies of the fifth degree. *State v. Carter*, 2d Dist. Champaign No. 2005-CA-24, 2006-Ohio-984, ¶5. The Second District held the trial court should not have ordered consecutive service because there was minimal harm to the victim in the amount of $349.81, the offenses were committed during the same course of conduct, and the victim was not unusually vulnerable or unusually harmed. *Id.* at ¶20-23.

{¶20} We find appellant's reliance on *Simon* and *Carter* unpersuasive and inapposite to the matter at hand. First, both opinions applied a previous version of R.C. 2929.14(C)(4), under which sentencing courts were required to make findings and provide reasons for those findings when imposing consecutive sentences. *See State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, abrogated by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, abrogated by *Oregon v. Ice*, 555 U.S. 160 (2009). Sentencing courts are no longer required to provide reasons for their consecutive sentence findings. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell*, *supra*, at syllabus.

{¶21} Second, the facts at hand are distinguishable from those in *Simons* and *Carter*. The charges in both of those cases arose from conduct committed by the defendant in one incident. In *Simons*, the criminal conduct in which the defendant engaged to commit the two offenses occurred within a "single episode," which was permitting or encouraging minors to take pictures of themselves while participating in the

taking of those pictures. *Simons, supra*, at ¶38. In *Carter*, the defendant's charges arose from a "single course of criminal conduct," which was using fake identification to persuade a commercial establishment to cash a check for less than $350.00. *Carter, supra*, at ¶20. Here, on the other hand, appellant's charges arose from multiple theft offenses against multiple victims over the course of four to five months.

{¶22} Appellant further asserts the charges against him were felony offenses only because the property involved were credit and debit cards, but that based on the amount of restitution ordered, the harm he caused was minimal. This argument is not well taken. In addition to pleading guilty to eight counts of Receiving Stolen Property involving credit cards, he also pleaded guilty to two counts of Receiving Stolen Property involving motor vehicles, one count of Theft involving $5,000.00 in cash, and one count of Forgery. Regardless of value, it was the legislature's intent for Receiving Stolen Property to be a higher-level offense when the property involved is a credit card or motor vehicle. *See* R.C. 2913.51(C) & 2913.71(A). Further, the amount of restitution in this case reflects an agreement appellant reached with the state, not the full value of the stolen property. The vehicles involved in two of the cases were recovered, and the $5,000.00 was reimbursed to that victim by insurance.

{¶23} Appellant next argues it was error for the trial court to state it had considered "his many revocations," as he had only one prior revocation in these cases. Appellant has, however, had other revocations of community control sanctions in previous cases that led to prison sentences. It was shortly after his release from prison that appellant began to commit the crimes in these nine cases. This is all reflected in appellant's presentence investigation reports.

8

{¶24} Finally, appellant argues it was error for the trial court to state it had considered "new crimes that he's committed," as he has not yet been convicted of those crimes, if he is to be convicted at all. In this context, appellant's argument that this is an affront to the presumption of innocence is not well taken. It has been held that when sentencing a defendant, a trial court is permitted to consider not only prior criminal history, but also pending crimes for which that defendant has been arrested. "Few things can be so relevant as other criminal activity of the defendant: 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" *State v. Burton*, 52 Ohio St.2d 21, 23 (1977), quoting *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.1965), *cert. denied* 382 U.S. 843 (1965), citing *Williams v. Oklahoma*, 358 U.S. 576 (1959). *See also United States v. Metz*, 470 F.2d 1140, 1142-43 (3d Cir.1972), *cert. denied* 411 U.S. 919 (1973) ("We hold that indictments for other criminal activity are of sufficient reliability to warrant their consideration by a sentencing judge.").

{¶25} We agree with the state's observation that this case is similar to our recent decision in *State v. Woofter*, 11th Dist. Portage Nos. 2019-P-0066 *et seq.*, 2020-Ohio-738. In *Woofter*, the defendant pleaded guilty, in three cases, to seven counts of Receiving Stolen Property and one count of Theft, all fifth-degree felonies. *Id.* at ¶2. The sentencing court initially imposed community control sanctions, which the defendant subsequently violated. *Id.* at ¶3. The court then imposed 12-month sentences on each of the eight counts and ran five of them consecutively, for an aggregate term of five years. *Id.* at ¶¶4, 8. One of defendant's arguments on appeal was that the consecutive sentence was disproportionate to his conduct because the total financial impact was $1,574.32, for

which he had made restitution. *Id.* at ¶18. We upheld the trial court's sentencing decision based on the trial court's consideration of other factors, besides the amount of economic harm, that supported the seriousness of the defendant's conduct. These factors included the defendant's criminal history and failure to respond favorably to prior community control sanctions and prison sentences, and the fact that he continued to commit new offenses while under community control sanctions. *Id.* at ¶21. Although we recognized that the economic harm and efforts at restitution might not have supported the imposition of consecutive sentences, "[w]e cannot reverse the imposition of consecutive sentences merely because certain aspects of the case support the imposition of concurrent sentences." *Id.*

{¶26} Likewise, here, consecutive sentences are not disproportionate to the seriousness of appellant's conduct due to his continued course of criminal conduct despite opportunities for rehabilitation; his lengthy criminal history involving low level offenses; the fact that he had previously served a prison term and a substance abuse treatment program; that he resorted to these crimes only one month after he was last released from prison and committed some of them while on bond; and the number of victims involved. These are all factors a trial court may consider when evaluating whether consecutive sentences are disproportionate to an offender's conduct. An offender's conduct "encompass[es] more than just the facts supporting conviction on a particular offense." *State v. Diaz*, 8th Dist. Cuyahoga No. 102582, 2015-Ohio-4382, ¶9. "[A] sentencing judge can consider the entirety of a defendant's actions in a particular case, not just the defendant's behavior or actions when committing any one offense." *Id.; accord State v. Dennison*, 10th Dist. Franklin No. 15AP-592, 2016-Ohio-8361, ¶61; *see*

10

*also State v. Crim*, 2d Dist. Clark No. 2018-CA-38, 2018-Ohio-4996, ¶11 ("A proportionality analysis, given this linkage, does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate."). Thus, "the 'seriousness' of one's conduct goes beyond mere monetary loss." *State v. Jarrett*, 8th Dist. Cuyahoga No. 98759, 2013-Ohio-1663, ¶8.

{¶27} We do not clearly and convincingly find that the trial court erred in imposing consecutive sentences. Appellant's sole assignment of error is not well taken and is without merit.

{¶28} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

11