[Cite as *State v. Jones*, 2024-Ohio-1010.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

          Plaintiff-Appellee,

    - vs -

ALLAN JAY JONES,

          Defendant-Appellant.

**CASE NO. 2022-A-0022**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00324

---

**O P I N I O N**

Decided: March 18, 2024
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Allan Jay Jones, appeals from his convictions for two counts of Gross Sexual Imposition in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the individual prison terms as well as the consecutive terms ordered by the trial court.

{¶2} On July 22, 2021, appellant was indicted by the Ashtabula County Grand Jury for the following: two counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (2); and seven counts of Gross Sexual Imposition, felonies of the third and fourth degree, in violation of R.C. 2907.05(A)(1) and (4).

{¶3} On January 11, 2022, a Written Plea of Guilty and Plea Agreement was filed. The state agreed to dismiss seven of the nine counts in exchange for guilty pleas to two counts of third-degree felony Gross Sexual Imposition in violation of R.C. 2907.05(A)(4). The court advised appellant of the rights waived by entry of the plea and the potential sentences. The state indicated that the charges related to appellant's sexual contact with his girlfriend's younger sisters, E.R., who was seven or eight years of age at the time of the abuse, and J.R., who was 12 years of age. The two counts to which appellant pleaded related to the conduct against J.R. The court entered a Judgment Entry of Guilty, accepting appellant's plea.

{¶4} A sentencing hearing was held in March 2022, at which defense counsel noted appellant's limited criminal history. The presentence investigation report ("PSI") indicates appellant has no criminal history apart from traffic convictions. Appellant gave a statement indicating he was "not clear of head" at the time of the offenses but has gone through positive changes since the offenses. According to the PSI, J.R. indicated in a forensic interview that appellant engaged in sexual contact with her on three occasions in 2014 and 2015. No victim impact statement was provided. Appellant's girlfriend, J.R.'s sister, stated that she and appellant have three children and the acts for which he was convicted did not resemble his conduct with her and their children. She talks to J.R. "every once in awhile" and indicated that she did not believe her sister was receiving counseling.

{¶5} The state indicated that the victim's father requested a maximum sentence of five years for each count to run consecutively. The prosecutor also stated: "I'm not aware of there being any victim impact statement in this case, so I don't know from the victim's own words the effect that this has had on her specifically * * * nor what she wants

2

as far as punishment from her own mouth." The state indicated it was "deferring to the Court on what the proper amount of prison, if any, is to happen here."

{¶6} The court found, as to the recidivism factors, that this was "an ongoing event" making recidivism more likely. It also found "there was long-term psychological injury to the victim." It ordered appellant to serve consecutive prison terms of five years on each count. The court found that the consecutive terms were necessary to protect the public and punish the offender, were not disproportionate to his conduct and the danger posed, the offenses were part of a course of conduct, and the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct. The court, therefore, ordered an aggregate term of ten years imprisonment.

{¶7} On appeal, defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he found no meritorious arguments to be raised on appeal and moved to withdraw. Pursuant to *Anders*, the appellate court must review the proceedings to determine whether the appeal is "wholly frivolous." *Id.* at 744. If the court, in that review, "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

{¶8} After a full examination of the proceedings below, this court issued a judgment entry finding at least one potentially meritorious issue with respect to the trial court's imposition of sentence: "Whether the record clearly and convincingly supports the trial court's consecutive sentencing findings under R.C. 2929.14(C)(4), in particular those relating to the danger posed by Jones to the public and whether the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of his

3

conduct." We ordered that new appellate counsel be appointed "to brief and argue this and any other issues in support of [appellant's] direct appeal."

{¶9} Appellate counsel raises the following assignment of error:

{¶10} "The trial court erred by sentencing appellant to two terms of 60 months incarceration to be served consecutively to one another, and the record does not support such a sentence."

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2).

> "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 [or] * * * [t]hat the sentence is otherwise contrary to law."

R.C. 2953.08(G)(2)

{¶12} "A sentence is contrary to law when it is 'in violation of statute or legal regulations,'" such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12. *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. The Ohio Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [factors] that are permitted by R.C. 2929.11 and 2929.12.'" *Meeks* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. "Nothing[,

4

however,] in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12[,]" and an appellate court cannot vacate a sentence "based on its view that the sentence is not supported by the record[.]" *Jones* at ¶ 39 and 42; *State v. Reed*, 11th Dist. Ashtabula No. 2022-A-0082, 2023-Ohio-1324, ¶ 13 (we "cannot review alleged error under R.C. 2929.11 and R.C. 2929.12 to evaluate whether the sentencing court's findings for those sentences are unsupported by the record").

{¶13} Appellant argues that the record indicated that community control should have been imposed as he was a first time offender and there was a lack of evidence of an impact on the victim. The state contends that there were sufficient facts to justify a maximum sentence, including the age of the child and her father's request to impose the maximum sentence.

{¶14} Appellant's argument relates to whether the court's sentence was supported by the record. The trial court stated that it considered the purposes and principles of sentencing as well as the seriousness and recidivism factors, which indicates it satisfied its duty to consider the necessary factors under R.C. 2929.11 and .12. As set forth in *Jones*, 2020-Ohio-6729, we cannot review whether its findings are supported by the record. Further, appellant's sentences are within the statutory range for Gross Sexual Imposition. R.C. 2929.14(A)(3)(a) ("[f]or a felony of the third degree that is a violation of section 2907.05 * * *, the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months"). While community control may be a preferable sentence, ordering a prison term was not contrary to law,

5

particularly when considering that Gross Sexual Imposition committed in violation of R.C. 2907.05(A)(4) carries "a presumption that a prison term shall be imposed." R.C. 2907.05(C)(2).

{¶15} Appellant argues that "application of the Supreme Court's holding in *Jones* is far from universal," citing *State v. Likens*, 12th Dist. Madison Nos. CA2020-10-018, CA2020-11-019, 2021-Ohio-2380. The *Likens* court, however, like this court, indicates that appellate courts do "not have the statutory authority under R.C. 2953.08(G)(2)(b) to review whether the record supports the trial court's findings under R.C. 2929.12 and 2929.11," but it can review whether the sentence is contrary to law for reasons such as those outlined above: failure to consider the statutory factors and sentencing outside of the permissible statutory range. *Likens* at ¶ 7. We have reviewed these issues and find no grounds for a conclusion that appellant's sentence is contrary to law under R.C. 2953.08(G)(2)(b).

{¶16} While appellant assigns as error that he should not have received consecutive sentences, he does not raise specific arguments as to how the court erred in this regard. After conducting an *Anders* review, this court instructed appointed counsel to address "[w]hether the record clearly and convincingly supports the trial court's consecutive sentencing findings under R.C. 2929.14(C)(4), in particular those relating to the danger posed by Jones to the public and whether the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of his conduct." Although this issue is not specifically briefed, in the interests of justice, we will review it sua sponte. *See State v. Hastings*, 2d Dist. Montgomery Nos. 27212 and 27213, 2018-Ohio-422, ¶ 27 (where appellate counsel did not discuss the issue identified by the

6

appellate court for review in *Anders* proceedings, the court addressed the error sua sponte).

{¶17} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent R.C. 2929.14(C)(4)(a)-(c) factor here is (b): "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct."

{¶18} On December 23, 2022, the Supreme Court of Ohio issued its opinion in *State v. Gwynne*, --- Ohio St.3d ----, 2022-Ohio-4607, --- N.E.3d ---- ("December 2022 decision"). In that opinion, the Court determined that a trial court's findings on consecutive sentences must be supported by the record and this court shall apply "a de novo standard of review * * * to whether the evidence in the record supports the findings that were made." *Id.* at ¶ 29. Shortly after the release of the December 2022 decision, the state of Ohio moved the Supreme Court for reconsideration, which was granted. On October 25, 2023, in *State v. Gwynne*, --- Ohio St.3d ----, 2023-Ohio-3851, --- N.E.3d ---- ("October 2023 decision"), the court vacated the December 2022 decision.

{¶19} In its October 2023 decision, the Supreme Court, by way of a plurality decision, determined: (1) the conclusion of the December 2022 decision, requiring an

7

appellate court to review the record in consecutive-sentencing cases de novo, is contrary to the plain language of the statute; (2) R.C. 2929.14(C)(4) does not require express consideration of the aggregate prison term that eventuates from the imposition of consecutive sentences; and (3) the record did not clearly and convincingly fail to support the trial court's consecutive-sentence findings. October 2023 decision at ¶ 16, 18-24. Accordingly, the October 2023 decision vacated the December 2022 decision and affirmed the appellate court's judgment in *Gwynne*.

**{¶20}** In light of the foregoing, this court has concluded "the October 2023 decision essentially reinstated consecutive-sentencing appellate review which existed prior to the December 2022 decision." *State v. Polizzi*, 11th Dist. Lake Nos. 2020-L-016, 2020-L-017, 2024-Ohio-142, ¶ 9.

**{¶21}** There is no question that the trial court made each of the requisite findings to impose consecutive sentences and included them in its sentencing entry. Although R.C. 2929.14(C)(4) does not explicitly require consideration of aggregate prison terms, in this case the trial court did so. The trial court found that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences on the two counts are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the harm was so great or unusual that no single prison term for either of the offenses as part of the course of conduct adequately reflects the seriousness of appellant's conduct.

**{¶22}** Appellant committed crimes of violence on multiple occasions. Although the prosecutor did not know what the victim would recommend for punishment, her father requested maximum, consecutive sentences. Moreover, at the change-of-plea hearing,

8

Case No. 2022-A-0022

the state noted that appellant is the boyfriend of the two victims' older sister. And one of the victims, whose name was withheld, is autistic. It can be reasonably inferred, therefore, appellant occupied and betrayed a relationship of confidence and trust with the victims addressed in the indictment.

{¶23} The younger victim, with whom appellant allegedly engaged in both sexual contact and sexual conduct repeatedly since she was approximately seven or eight years old, was not the subject of the plea. In this respect, the sentencing findings do not relate to these acts. Still, the juvenile whose assaults were the subject of the plea, was 12 years old at the time. And the record reflects appellant "touched her [on] four separate occasions on bare skin or on her vagina and breasts."

{¶24} In light of the facts, the record establishes a firm inferential belief or conviction that (1) consecutive sentences are necessary to protect the public from future criminal conduct by appellant or to punish appellant; (2) the imposition of consecutive sentences is not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public; and (3) the harm experienced was so great or unusual to support the underlying sentence. Phrased in the negative, the record does not clearly and convincingly fail to support the trial court's statutory findings.

{¶25} Appellant's assignment of error is without merit.

{¶26} For the foregoing reasons, we conclude the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J., concurs,

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

9

Case No. 2022-A-0022

_____

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶27} I concur with the majority's reasoning that the individual sentences in this matter were not contrary to law. I dissent, however, from the majority's decision that the record does not clearly and convincingly fail to support the trial court's consecutive sentencing findings. Since it is evident that the record was devoid of evidence to demonstrate great or unusual harm, the court's order that the sentences be served consecutively should be reversed.

{¶28} To order a consecutive sentence based on R.C. 2929.14(C)(4)(b), the record must demonstrate that the harm caused by the offenses was "*so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.*" (Emphasis added.) *Id.* Here, the record did not contain *any* evidence to demonstrate the harm caused to the victims, let alone evidence of great or unusual harm. There is nothing in the record to demonstrate the extent of the harm suffered by the victim. The State did not specify what harm was caused to the victim and no victim impact statement was presented. The PSI includes the facts of the offenses but does not address harm to the victim. In fact, the prosecutor observed at the sentencing hearing: "I don't know from the victim's own words the effect that this has had on her specifically." This led the prosecutor to decline to recommend any particular sentence to the court, apart from noting the wishes of the victim's father. The victim's sister stated that she did not believe her sister was undergoing counseling or therapy. The trial judgment made a finding that "there was

10

long-term psychological injury to the victim" but there is nothing in the record to corroborate this. It has been held that "[t]here must be actual evidence of, not the potential for, 'great or unusual' harm in evidence to support the finding." *State v. Williams*, 6th Dist. Lucas Nos. L-15-1259 and L-15-1260, 2016-Ohio-4905, ¶ 27.

{¶29} Similarly, a court's consecutive sentences have been found to be issued in error where the State offered no evidence to support a finding of great harm except its own unsupported characterizations, due to the "complete dearth of evidence in the record indicating the existence of physical or psychological harm." *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 39. *See also State v. Carter*, 2d Dist. Champaign No. 2005-CA-24, 2006-Ohio-984, ¶ 25 ("Whenever a trial court is required to make a finding, there obviously must be a factual basis in the record for the finding; otherwise the requirement would meaninglessly exalt form over substance. The making of a required finding adverse to the defendant when there is nothing to support that finding is analogous to a jury's returning a guilty verdict when there is no evidence in the record to support an essential element of the offense.").

{¶30} While the majority describes the details relating to the offenses, the facts giving rise to the crime do not constitute evidence of great or unusual harm. All charges brought against a defendant are precipitated by evidence that the offense was committed; the evidence needed for consecutive sentences is evidence that *great or unusual harm* occurred, not just that a crime was committed. Without evidence in the record to demonstrate a basis for this conclusion, such a finding is clearly and convincingly unsupported by the record. *Compare State v. O.E.P.-T.*, 10th Dist. Franklin No. 21AP-500, 2023-Ohio-2035, ¶ 111 (consecutive sentences were supported by the record where

Case No. 2022-A-0022

the victim indicated she suffers from anxiety and suicidal thoughts); *State v. Hupp*, 11th Dist. Lake No. 2022-L-109, 2023-Ohio-2447, ¶ 27 (evidence supported a finding of harm given the victim's statements that she suffered depression as a result of the offense).

{¶31} While this writer agrees that any sexually oriented crime is abhorrent and repulsive, that fact underscores the need for some evidence of the great or unusual harm. Given the dearth of evidence in the record to support such finding, and the statutory requirement that this court modify or reverse a sentence if it clearly and convincingly finds that the record does not support the lower court's consecutive sentencing findings, the order that the sentences be served consecutively should be reversed.

Case No. 2022-A-0022