JOURNAL ENTRY and OPINION
{¶ 1} A jury found defendant Orlando Jones guilty of drug trafficking, possession of drugs and possession of criminal tools. In this appeal, Jones maintains that the state failed to present sufficient evidence that he possessed a criminal tool.
 {¶ 2} The state's evidence showed that police monitored traffic coming and going from Jones' house and concluded that the short intervals in which persons stayed suggested that drug transactions might be occurring within. They recruited an informant to make a pre-arranged, controlled drug buy from Jones. On the basis of that controlled drug buy, the police obtained a search warrant for the premises. Before the police could execute the warrant, however, Jones left the premises in his vehicle. The police followed Jones and stopped him about two and one-half blocks from the house. They then returned to the house and executed the search warrant. Nearly 100 grams of cocaine were found inside the house.
 I {¶ 3} The indictment specified that Jones used cash as a criminal tool. Jones maintains that none of the cash found on his person during the arrest contained mark bills used in the controlled drug buy; consequently, the state could not prove that he possessed the cash with the intent to use it criminally.
 {¶ 4} R.C. 2923.24(A) states that "no person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Possession of cash is not unlawful. State v. Golston (1990),66 Ohio App.3d 423, 431; Chagrin Falls v. Loveman (1986),34 Ohio App.3d 212, 216. To prove that money is contraband and therefore subject to forfeiture, "the state must demonstrate that is it more probable than not, from all of these circumstances, that the defendant used [the money] in the commission of a criminal offense." Golston, 66 Ohio App.3d at 431.
 {¶ 5} Although Jones did not possess any of the marked money used in the controlled buy, that fact alone does not render the evidence on the possession of criminal tools count insufficient. In State v. Blackshaw (May 29, 1997), Cuyahoga App. No. 70829, we stated:
 {¶ 6} "This Court has held that evidence the defendant knowingly transported, delivered or distributed drugs may be used by the jury to reasonably conclude that the $110 possessed by the defendant was used to facilitate * * * drug transactions and thus was a criminal tool, such as for the purpose of providing any necessary change during drug sales, in violation of R.C.2923.24." (Internal quotation marks omitted.)
 {¶ 7} Besides the large quantity of cocaine recovered from the residence, the police found a piece of cardboard with the following writing: "$1250" and "A-1, extra white with three quarters." The police understood this to be terminology used in drug trafficking. It is true that none of the money recovered from Jones consisted of the marked bills used during the controlled drug buy, but that fact is not dispositive of Jones' intent to use whatever cash he carried at the time of arrest for a criminal purpose. Given the extent of the drug operation being run from the Jones house, the jury could conclude beyond a reasonable doubt that the cash found on Jones was all part of his drug operation. Given the traffic coming and going from his house and the large quantity of cocaine recovered, the jury could believe that Jones engaged in drug trafficking on a full-time basis; therefore, any cash he carried could be used for a criminal purpose.
 II {¶ 8} In his second assignment of error, Jones complains that the court failed to comply with R.C. 2929.14(E)(4) and2929.19(B)(2), which requires a court imposing consecutive sentences to make findings and give its reasons for making those findings. The state concedes the error and our review causes us to conclude that the court completely failed to make the required findings and reasons for those findings. We therefore vacate the sentence and remand for resentencing.
 {¶ 9} Judgment affirmed, sentence vacated and remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Gallagher, J., Concur.