JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Orlando L. Jones ("Jones"), appeals his sentence in the Cuyahoga County Court of Common Pleas upon his conviction for drug trafficking, possession of drugs, and possession of criminal tools. For the reasons stated below, we affirm.
 {¶ 2} A jury found Jones guilty of the above charges.[1] The trial court sentenced Jones on each charge and ordered the terms to run concurrently with each other, for an aggregate sentence of five years. The court also ordered the sentence to run consecutive with the sentence imposed in Cuyahoga County Court of Common Pleas case number CR-432231, wherein Jones was sentenced to an aggregate sentence of one year for charges of trafficking in drugs and possession of drugs.
 {¶ 3} On appeal, this court affirmed the conviction, but vacated the sentence and remanded the case for resentencing because the trial court failed to set forth the required findings and reasons for imposing consecutive sentences. State v. Jones, Cuyahoga App. No. 83852,2004-Ohio-4479.
 {¶ 4} On remand, the trial court imposed the identical sentence. Jones has appealed his sentence, raising one assignment of error for our review, which provides:
 {¶ 5} "The trial court erred in failing to conduct an independent sentencing hearing."
 {¶ 6} Jones argues that the trial court failed to conduct a complete sentencing hearing upon remand and instead merely supplemented the original sentencing hearing to cure the reasons for the remand.
 {¶ 7} We initially note that on the initial appeal, this court vacated Jones's original sentence. As a result, the trial court was required to conduct a whole new sentencing hearing upon remand.[2]
 {¶ 8} A review of the transcript reflects that at the resentencing hearing, the trial court provided Jones and his attorney with an opportunity to address the court. The trial court then set forth the prison terms it had initially imposed on Jones that were vacated by this court. The court stated that it deviated from the minimum sentence in light of the fact that Jones had an extensive criminal history dating back to 1995. The court also stated Jones had previously served periods of incarceration and probation. The court proceeded to impose the same sentence and found that concurrent sentences would demean the seriousness of the offense given Jones's pattern of criminal activity. The court also found that concurrent sentences would not adequately protect the public from the drug menace that is plaguing our community. Finally, the court imposed post-release control as part of the sentence and informed Jones of his appeal rights.
 {¶ 9} In order for a court to impose consecutive sentences pursuant to R.C. 2929.14(E)(4), the court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, and (2) not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. In addition, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C. 2929.14(E)(4)(a)-(c).
 {¶ 10} Here, a review of the resentencing transcript reveals the trial court conducted a new sentencing hearing and approached the resentencing as an independent proceeding. The resentencing transcript shows that although the court began by merely referencing its prior findings, it proceeded to make additional findings. The trial court determined that a concurrent sentence would demean the seriousness of the offenses given Jones's pattern of criminal activity and would not adequately protect the public.[3]
 {¶ 11} Because the record supports the trial court's imposition of a consecutive sentence and the record illustrates that the trial court properly conducted a complete resentencing hearing and set forth the required findings and reasons, Jones's first assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs;
 Cooney, P.J., Concurs in judgment only.
[1] The underlying facts of the case are set forth in State v.Jones, Cuyahoga App. No. 83852, 2004-Ohio-4479.
[2] An appellate court is not required to vacate an entire sentence on review when only a portion of the total sentence contains error, as it is inconsistent with the scope of appellate review. While I recognize there may be instances where the underlying error so undermines the legitimacy of the original sentence that it must be fully vacated, I do not believe this premise is automatic. Appellate courts are in the best position to determine the rare circumstances when, or if, a sentence must be fully vacated. See State v. Webb, Cuyahoga App. 85318, 2005-Ohio-3839 (J. Gallagher, dissent). I recognize that in this case the entire sentence was vacated and, therefore, a complete sentencing hearing was required upon remand.
[3] R.C. 2929.14(E)(4) does not require the court to recite the exact words of the statute so long as the required statutory findings are discernible from the record. State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020.