[Cite as *State v. Nichols*, 2011-Ohio-6805.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                            :

     Plaintiff-Appellee               :   C.A. CASE NO.   2010 CA 60

v.                                       :   T.C. NO.    10CR98

MARTIN NICHOLS                           :         (See 2011-Ohio-4671)

     Defendant-Appellant              :

                                         :

. . . . . . . . . .

**DECISION AND ENTRY**

Rendered on the  27th  day of    December    , 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 4428 N. Dixie Drive, Dayton, Ohio 45414
     Attorney for Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

**{¶ 1}**  Pursuant to App.R. 26(A), the State of Ohio has filed an Application for Reconsideration of our Opinion in *State v. Nichols*, Clark App. No. 2010 CA 60, 2011-Ohio-4671, wherein we reversed the trial court's judgment and remanded for resentencing after concluding that the trial court had abused its discretion in imposing four

maximum, consecutive sentences after Martin Nichols was convicted of four counts of gross sexual imposition.

{¶ 2}   The State asserts that we gave too little weight to some of the statutory sentencing factors, including the number of victims, their ages, and whether the circumstances under which these offenses occurred were likely to recur.   We disagree.   We are aware that there were four victims, and that the trial court imposed four sentences; nothing in our opinion suggests that the imposition of four separate sentences was itself improper.   We are also well aware that Nichols was charged with gross sexual imposition involving children under the age of thirteen, and that the children involved in this case were ages eight and nine.   Tragically, the ages of these victims are not unique where this offense is involved, and, with the facts on the record, the victims' ages did not render Nichols's offenses a particular egregious form of the offense.

{¶ 3}   The State also takes issue with our conclusion that the circumstances surrounding these offenses are unlikely to recur, because Nichols worked as a janitor at the victims' school, and there is little chance that he will be able to obtain employment in a school after these convictions (especially given his sexual offender classification).   The State asserts that, "[w]hile Nichols may never be able to sexually abuse young children while employed as a janitor in a public school again, [this fact] does not ensure that he will not be put in a position where he is able to harm other young children upon release from prison," because the conviction "does not magically repel children from him."   The State's argument suggests that the recidivism factor relating to whether the circumstances are likely to recur[1]

---

[1]R.C. 2929.12(E) actually phrases this factor in terms of whether the behavior is "not likely" to recur.

should be read so broadly as to classify the "circumstance" as the possibility of any contact with children. In other words, the State seems to argue that, since children are generally present in any community, Nichols might have contact with them and this would constitute a recurrence of the "circumstances" that led to this offense. Such a sweeping interpretation is not supported by the language of the statute and would make this factor present in almost every case – involving children or not.

{¶ 4}  The State also contends that we erred in concluding that "the nature of [Nichols's] occupation did not oblige Nichols 'to prevent the offense or bring others committing it to justice,'" which is a factor bearing on the seriousness of the offense. R.C. 2929.12(B)(4). The State asserts that Nichols's occupation did require such action because he was a "school employee" and was therefore obligated by R.C. 2151.421(A) to report suspected abuse of a child.

{¶ 5}  The State has not cited any cases in which a court has equated being a "school employee" for purposes of reporting suspected abuse with the seriousness factor in the sentencing statute that the offender was "obliged by the nature of his profession or occupation to prevent the offense or bring others committing it to justice." And we have found no cases that take this position. In our view, having a duty to "prevent the offense or bring others committing it to justice" implies significantly more responsibility and involvement than the reporting requirement. Moreover, the statute that imposes the reporting requirement lists over thirty types of occupations (that are not typically involved with law enforcement) in which persons are required to report suspected abuse. R.C. 2151.421(A)(1)(b). The logical extension of the State's argument is that any "school

employee"/janitor who commits certain offenses is obliged by his or her occupation to prevent sex abuse offenses or bring others committing such offenses to justice and to report those offenses to the authorities, and that the failure to report himself is an aggravating factor in sentencing. We are unpersuaded that the legislature intended for either the sentencing provision or the reporting requirement to be applied in this manner.

{¶ 6} Even if we were to assume, for the sake of argument, that the additional seriousness factor that Nichols had been obliged by his occupation to prevent the offense or bring others committing it to justice applied in this case, considering *all* of the statutory factors related to seriousness and likelihood of recidivism – both in favor of and against Nichols – we would nonetheless conclude that the severity of the trial court's sentence in this case was an abuse of discretion.

{¶ 7} The State also asks that, if we decline to reconsider our decision, we provide additional guidance with respect to our remand, specifically, "whether a de novo resentencing would be appropriate, and [whether] *** the State would be permitted to introduce new evidence" at such a hearing. In other words, the State would like us to clarify whether it is permitted to offer additional evidence at resentencing, which might support a decision by the court to reimpose the maximum consecutive sentences which we found to be an abuse of discretion in our Opinion.

{¶ 8} It is well-settled that the imposition of a greater sentence following a successful appeal, absent reasons affirmatively appearing on the record, creates a "presumption of vindictiveness" and is constitutionally prohibited as a violation of due

process. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.[2] In Nichols's case, because he received maximum, consecutive sentences initially, there is no possibility of a greater sentence following his successful appeal. However, having concluded that the trial court abused its discretion in imposing maximum, consecutive sentences, the reimposition of the same sentence would not only involve "a presumption of vindictiveness," but would violate the law of the case and is a potential violation of due process, unless a suitable explanation were provided for the same sentence. See *State v. Anderson*, 151 Ohio App.3d 422, 2003-Ohio-429, ¶7, citing *Pearce,* 395 U.S. at 726. A "suitable explanation" to rebut the presumption of vindictiveness may consist of conduct or events discovered *since the prior sentencing* that cast "'new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.'" (Emphasis added.) *Wasman v. United States* (1984), 468 U.S. 559, 570-571, 104 S.Ct. 3217, 82 L.Ed.2d 424, citing *Williams v. New York*, (1949), 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337. In other words, "[t]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce,* 395 U.S. at 726.

{¶ 9} Neither party is "'entitled to an opportunity to improve or expand his evidence'" with respect to sentencing simply because the court of appeals required the trial court to reweigh the factors relevant to sentencing. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶27, citing *State v. Chinn* (1999), 85 Ohio St.3d 548. Accordingly, we

---

[2]*Pearce* was subsequently limited by *Alabama v. Smith* (1989), 490 U.S. 794, 106 S.Ct. 2201, 104 L.Ed.2d 865, which held that a presumption of vindictiveness does not apply when a "sentence imposed after trial is greater than that previously imposed after a guilty plea."

reject the State's suggestion that it might be able "to provide the trial court with additional information regarding the harm to the victims" to support maximum, consecutive sentences. The State had a full opportunity to present its evidence regarding the factors weighing on the trial court's sentencing determination; in our view, it would violate Nichols's due process rights to allow the State to expand that evidence at resentencing once we concluded that its evidence did not justify the imposition of maximum, consecutive sentences. If there is new evidence, the State may present it. For example, if a defendant were convicted of a new crime since his original sentence was imposed, the trial court could reasonably consider evidence of this conviction at resentencing; similarly, the defendant could introduce evidence concerning post-sentence matters. But the State may not expand on the evidence previously presented, such as the harm to the victims.

{¶ 10} Because the error for which we reversed and remanded for resentencing did not occur in the course of the sentencing hearing, but in the court's weighing of the sentencing factors, a de novo sentencing hearing is not required.[3]

{¶ 11} The State also asks that we provide the trial court with guidance as to whether "Nichols will be resentenced under the new sentence regimes of House Bill 86." We decline to provide such an advisory opinion.

{¶ 12} The State's Application for Reconsideration is OVERRULED.

IT IS SO ORDERED.

---

[3]In this respect, the facts of this case differ from many others, including cases resentenced pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, where evidence was presented about sentencing factors that the supreme court subsequently determined to be unconstitutional, and a de novo hearing was required for resentencing.

_____

_____  MIKE FAIN, Judge

_____  JEFFREY E. FROELICH, Judge

_____  MICHAEL T. HALL, Judge

Copies mailed to:

Andrew R. Picek
J. Allen Wilmes
Hon. Douglas M. Rastatter