[Cite as *State v. Polizzi*, 2024-Ohio-142.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2020-L-016**<br>**2020-L-017** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeals from the<br>Court of Common Pleas |
| ANTHONY J. POLIZZI, JR., | |
| Defendant-Appellant. | Trial Court Nos. 2017 CR 000853<br>2017 CR 001390 |

**O P I N I O N**

Decided: January 16, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mark Roy Devan* and *William Christopher Livingston*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} On December 23, 2022, the Supreme Court of Ohio issued its opinion in *State v. Gwynne*, ---- Ohio St.3d ---, 2022-Ohio-4607, ---- N.E.3d --- ("December 2022 decision"). Pursuant to the authority announced in the December 2022 decision, the underlying matter was remanded to this court to apply the Court's holding to the sentencing order imposed on appellant, Anthony J. Polizzi, Jr. *See* January 13, 2023 remand order. Shortly after the release of the December 2022 decision, the state of Ohio moved the Court for reconsideration, which was granted. In anticipation of a potential

change in the Court's judgment and rationale on reconsideration, this court elected to hold the instant matter and await a new opinion. To this end, on October 25, 2023, in *State v. Gwynne*, ---- Ohio St.3d ---, 2023-Ohio-3851, ---- N.E.3d --- ("October 2023 decision"), the court vacated the December 2022 decision. We now proceed to consider the remand order in light of the October 2023 decision.

{¶2} Appellant was originally indicted on 24 counts alleging sexual contact and sexual conduct offenses against one of the victims; later he was indicted on 56 counts alleging sexual contact and sexual conduct offenses committed against a separate victim—each victim was a high school student and appellant was their teacher. On March 26, 2018, appellant entered a plea of guilty to one count of gross sexual imposition in each case, felonies of the fourth degree and three counts of sexual battery in each case, felonies of the third degree. At sentencing, the trial court ordered the maximum sentence on each charge in both cases, to run consecutively with one another, for an aggregate prison term of 396 months (or 33 years). On appeal, this court determined there was no support in the record for certain findings made by the trial court. This court vacated the sentence and remanded the matter for resentencing. *See State v. Polizzi*, 11th Dist. Lake Nos. 2018-L-063, 2018-L-064, 2019-Ohio-2505.

{¶3} Following a remand to the trial court, appellant was resentenced to a total term of 358 consecutive months in prison for eight sex offenses committed against the two victims while he was their high school teacher. In particular, appellant was sentenced to fifty-four months on each of six counts of felony-three sexual battery and 17 months on each of two counts of felony-four gross sexual imposition. In total, appellant was ordered to serve nearly 30 years in prison. Appellant timely appealed to this court and, in *State*

2

*v. Polizzi*, 11th Dist. Lake Nos. 2020-L-016, 2020-L-017, 2021-Ohio-244, this court affirmed the sentence, via a 2-1 majority. Appellant filed an application for reconsideration, which was denied.

{¶4} The matter was appealed to the Supreme Court and the case was accepted for discretionary review and held pending a decision in *Gwynne*. In *Gwynne*, the Court accepted the following issues for review: "(1) whether trial courts must consider the overall aggregate prison term to be imposed when making the consecutive-sentence findings under R.C. 2929.14(C)(4)," and "(2) what scope of an appellate court's authority is under R.C. 2953.08(G)(2) to review consecutive sentences." *See* December 2022 decision, 2022-Ohio-4607, ¶ 1. The Supreme Court of Ohio held:

> that based on the language of R.C. 2929.14(C)(4), the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences. Rather these findings must be made in consideration of the aggregate term to be imposed. Additionally, we hold that appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

*See* December 2022 decision, ¶ 1.

{¶5} Upon release of the December 2022 decision, the state moved for reconsideration, which was granted. And, recently, in its October 2023 decision, the Supreme Court of Ohio reversed and vacated its December 2022 decision.

{¶6} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2). That subsection provides, in pertinent part:

3

Case Nos. 2020-L-016 and 2020-L-017

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14[, the section governing consecutive sentences] * * *;

(b)  That the sentence is otherwise contrary to law.

{¶7}    Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4

(c)   The   offender's   history   of   criminal   conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8}   In its October 2023 decision, the Supreme Court, by way of a plurality decision, determined: (1) the conclusion of the December 2022 decision, requiring an appellate court to review the record in consecutive-sentencing cases de novo, is contrary to the plain language of the statute; (2) R.C. 2929.14(C)(4) does not require express consideration of the aggregate prison term that eventuates from the imposition of consecutive sentences; and (3) the record did not clearly and convincingly fail to support the trial court's consecutive-sentence findings. October 2023 decision, 2023-Ohio-3851, at ¶ 16, 18-24. Accordingly, the October 2023 decision vacated the December 2022 decision and affirmed the appellate court's judgment in *Gwynne*.

{¶9}   The Court's October 2023 decision is a plurality opinion, which generally indicates a lack of an express agreement on the rationale leading to the disposition of the case.  In the absence of a majority on the issues of law developed in the October 2023 decision, it is not entirely clear what weight appellate courts will (or should) afford the lead opinion's discussion moving forward.  Nevertheless, the October 2023 decision expressly *vacated* the December 2022 decision by way of granting reconsideration.  As a result, we conclude the October 2023 decision essentially reinstated consecutive-sentencing appellate review which existed prior to the December 2022 decision.

{¶10}  With the foregoing in mind, this court, in *Polizzi*, 2021-Ohio-244, analyzed the trial court's sentencing order under the consecutive-sentencing structure in place prior to the December 2022 decision and made the following determinations:

5

As stated on the record at the resentencing hearing and in the resentencing judgment entry, the trial court found that consecutive sentences "are necessary to protect the public from future crime or to punish the Defendant"; "are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public"; and, applying subsection (b), that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct."

Appellant takes issue with all three findings. He contends the record does not support that (1) he poses a danger to the public; (2) consecutive sentences are not disproportionate to his conduct and the danger he poses to the public; and (3) the harm caused by his offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct.

With regard to the first argument, we note the trial court found, as required under the statute, that consecutive service is necessary to protect the public from future crime *or* to punish appellant. Whether the record supports the former is not dispositive, and appellant does not take issue with the latter. Accordingly, this argument is not well taken.

We further conclude, with regard to the third argument, that the record supports the trial court's finding that a single prison term would not adequately reflect the seriousness of appellant's conduct. There were two victims of appellant's conduct, multiple offenses, and each has suffered enduring emotional and psychological harm. There also exists a valid concern with the scope of appellant's remorse for his conduct. Appellant should be held accountable to these victims with consecutive sentences.

Finally, we find no merit with appellant's second argument. We cannot clearly and convincingly find that the record does not support the trial court's finding that consecutive sentences are not disproportionate to appellant's conduct and the danger he poses to the public. The offenses appellant committed against the 2008 victim occurred during a nine-month period of time, and those committed against the 2010 victim occurred

6

during a two-month period of time. The record demonstrates that appellant had no criminal history prior to these offenses and no juvenile adjudications. Appellant's sex offender evaluation reports a low to moderate risk of recidivism, which is further supported by the fact that he has no criminal record subsequent to these offenses. Even so, without minimizing the fact that appellant has not reoffended, appellant's conduct was deplorable and caused undeniable psychological harm to the victims. It is further apparent that appellant's lack of genuine remorse and failure to appreciate the consequences his actions have had on the victims present a danger to the public. According to some of the statements and interviews included in the record, appellant spent time grooming his victims in order to obtain their consent and then threatened them with expulsion if they told anyone about the sexual conduct. In fact, this conduct resurrected two years after the 2010 relationship ended by appellant sending an explicit, surreptitious message.

This is not to say there are no concerns with the overall length of the harsh sentence imposed here. It is, in fact, even a 10-year increase over what the state had recommended. However, the sentence is within the range permitted by law, and our review is limited, under R.C. 2953.08(G)(2)(a), to whether the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). The options before the trial court with regard to the imposition of consecutive sentences ranged from an aggregate term of 71 months to an aggregate term of 358 months in prison. This broad range of the potential prison term magnifies the need for more meaningful review of felony sentences than currently permitted under R.C. 2953.08(G)(2)(a). Based on the pronouncement in [*State v.*] *Gwynne*[, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169] that the R.C. 2929.11 and 2929.12 factors only apply to *individual* sentences, what is there to guide a trial court and/or a reviewing court when confronted with such a broad range of potential sentencing? Felony sentencing statutes must be read as a whole, and "by the express language of R.C. 2929.12(A), R.C. 2929.11's sentencing purposes and R.C. 2929.12's seriousness and recidivism factors are no less operative when a trial court is imposing consecutive sentences than when a trial court is imposing an individual sentence." *Gwynne, supra*, at ¶ 67 (Donnelly, J., dissenting). "Appellate review adds an important dimension to fundamental justice and is an important check on trial courts'

7

sentencing decisions. To bolster the public's confidence in the justice system, appellate courts must [be permitted to] exercise the statutory powers granted to them by the General Assembly to determine the proper application of the laws to a trial court's sentencing decisions." *Id.* at ¶ 90 (Donnelly, J., dissenting).

We are bound to follow the precedent of the Supreme Court of Ohio, however, which clearly provides that R.C. 2953.08(G)(2) does not permit an appellate court to substitute its judgment for that of the trial court. *See Jones et al.*, *supra*, at ¶ 30.

(Emphasis sic.) *Polizzi* at ¶ 43-49.

{¶11} In light of the Supreme Court's October 2023 decision, vacating the December 2022 decision upon which the instant remand was premised, we re-adopt the above reasoning and holding from *Polizzi*, 2021-Ohio-244. Appellant's consecutive sentences are therefore affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case Nos. 2020-L-016 and 2020-L-017